Electronically Filed at
11/13/2015 4:09:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

15-11-32299-MCVAJA

CAUSE NO. _____

| | | |
|---|---|---|
| JULIO C. PENA LABALLE | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § § | MAVERICK COUNTY, TEXAS |
| LOUISIANA CRANE CO., LLC AND EDWARD VIESCA | § § | 365TH _____ JUDICIAL DISTRICT |

### PLAINTIFF' ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JULIO C. PENA LABALLE, hereinafter referred to as "Plaintiff", and file this Original Petition against Defendants LOUISIANA CRANE CO., LLC and EDWARD VIESCA, and for cause of action respectfully shows unto the Court as follows:

#### A.   DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Level 2 and affirmatively pleads that he seeks monetary relief aggregating over $200,000 but not more than $1,000,000, at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

#### B.   PARTIES AND SERVICE

2.1   Plaintiff, JULIO C. PENA LABALLE, whose social security number is xxx-xx-9780 and driver's license number is 36033320.

2.2   Defendant **EDWARD VIESCA**, an Individual who is a resident of Texas, may be served with process at his home at the following address: **533 FRESNO STREET, EAGLE PASS, MAVERICK COUNTY, TEXAS 78852** or wherever else he may be found. Service of said Defendant as described above can be effected by personal delivery through private process server.

Electronically Filed at
11/13/2015 4:09:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

### IN COUNTY SERVICE IS REQUESTED

2.2     Defendant LOUISIANA CRANE CO., LLC, a resident limited liability company, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201-3130 of said Defendant as described above can be effected by certified mail, return receipt requested.

### OUT COUNTY SERVICE IS REQUESTED

### C.     MISNOMER/ALTER EGO

3.1     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Plaintiff reserves the right to amend the true names of the parties pursuant to the Texas Rules of Civil Procedure.

### D.     JURISDICTION AND VENUE

4.1     The subject matter in controversy is within the jurisdictional limits of this court.

4.2     This court has jurisdiction over Defendant LOUISIANA CRANE CO., LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over LOUISIANA CRANE CO., LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

4.3     Furthermore, Plaintiff would show that Defendant LOUISIANA CRANE CO., LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of

Electronically Filed at
11/13/2015 4:09:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

4.4   Venue in Maverick County is proper in this cause under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because it is the county of one of the defendant's residence at the time of the occurrence made the basis of this suit.

### E.   FACTS

5.1   On or about May 28, 2015, Plaintiff JULIO C. PENA LABALLE was operating a motor vehicle in a reasonable and prudent manner, exercising ordinary care for his safety and the safety of others when Plaintiff was involved in a collision with Defendant EDWARD VIESCA who was operating a Mack truck and Trail King trailer owned or controlled by Defendant LOUISIANA CRANE CO., LLC. The collision, which was proximately caused by the Defendants' negligence, occurred as follows: Both vehicles were traveling westbound on Interstate 10, in Guadalupe County. Defendant EDWARD VIESCA fell asleep and then failed to control his speed, causing him to rear end Plaintiff's vehicle. As a result of the Defendants' negligent conduct and the resulting collision, Plaintiff sustained substantial injuries and damages.

### G.   PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST EDWARD VIESCA

6.1   Defendant EDWARD VIESCA had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6.2   Plaintiff injuries were proximately caused by Defendant EDWARD VIESCA's negligent, careless and reckless disregard of said duty.

6.3   The negligent, careless and reckless disregard of duty of Defendant EDWARD VIESCA consisted of, but is not limited to, the following acts and omissions:

Electronically Filed at
11/13/2015 4:09:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

A. In that Defendant EDWARD VIESCA failed to keep a proper lookout for Plaintiff safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B. In that Defendant EDWARD VIESCA failed to turn his motor vehicle to the left or right in an effort to avoid the collision complained of;

C. In that Defendant EDWARD VIESCA failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant EDWARD VIESCA's motor vehicle which would permit Defendant EDWARD VIESCA to bring his motor vehicle to a safe stop without colliding into Plaintiff motor vehicle;

D. In that Defendant EDWARD VIESCA failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

E. In that Defendant EDWARD VIESCA was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

F. In that Defendant EDWARD VIESCA failed to apply his brakes to his motor vehicle in a timely and prudent manner.

## H. PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST LOUISIANA CRANE CO., LLC

7.1   On March 5, 2013, Defendant LOUISIANA CRANE CO., LLC was the owner of the vehicle operated by EDWARD VIESCA.

7.2   Defendant LOUISIANA CRANE CO., LLC entrusted the vehicle to EDWARD VIESCA, a reckless and incompetent driver.

7.3   Defendant LOUISIANA CRANE CO., LLC knew, or through the exercise of reasonable care should have known, that EDWARD VIESCA was a reckless and incompetent driver.

7.4   As described herein, EDWARD VIESCA was negligent on the occasion in question.

7.5   EDWARD VIESCA's negligence was the proximate cause of Plaintiff' damages.

Electronically Filed at
11/13/2015 4:09:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## I. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST LOUISIANA CRANE CO., LLC

8.1     At the time of the occurrence of the act in question and immediately prior thereto, EDWARD VIESCA was within the course and scope of employment for Defendant LOUISIANA CRANE CO., LLC, at the time of the occurrence of the act in question and immediately prior thereto, EDWARD VIESCA was engaged in the furtherance of Defendant LOUISIANA CRANE CO., LLC's business.

8.2     At the time of the occurrence of the act in question and immediately prior thereto, EDWARD VIESCA was engaged in accomplishing a task for which EDWARD VIESCA was employed.

8.3     Plaintiff invokes the doctrine of Respondeat Superior as against Defendant LOUISIANA CRANE CO., LLC

## J. DAMAGES FOR PLAINTIFF

9.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff were caused to suffer bodily injuries, and to incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county where they were rendered.

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Loss of earnings in the past;

Electronically Filed at
11/13/2015 4:09:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Mental anguish in the past; and

J. Mental anguish in the future.

## REQUESTS FOR DISCLOSURE

10.1 Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendants, Texas Rule of Civil Procedure 194 Request for Disclosure. You are hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f) (1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), and 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j), 194.2(k) and 194.2(l) within fifty days of your receipt of this document, by sending your responses to Thomas A. Laucius, 1800 St. James Place, Ste. 200, Houston, Texas 77056.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity

Respectfully submitted,

LAUCIUS & ASSOCIATES
1800 St. James Place, Suite 200
Houston, Texas 77056
713/952-9840 Telephone No.
713/952-9897 Facsimile No.

Thomas A. Laucius
State Bar No. 11988700
toml@lauciuslaw.com

**ATTORNEYS FOR PLAINTIFF**

Case 2:16-cv-00009-AM-VRG   Document 1-6   Filed 02/05/16   Page 7 of 11

Electronically Filed at
2/3/2016 8:20:28 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

CAUSE NO. 15-11-32299-MCVAJA

| | | |
|---|---|---|
| **JULIO C. PENA LABALLE** § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | |
| § | | |
| V. § | | MAVERICK COUNTY, TEXAS |
| § | | |
| **LOUISIANA CRANE &** § | | |
| **CONSTRUCTION** § | | |
| **LLC & EDWARD VIESCA** § | | |
| *Defendants*. § | | 365th JUDICIAL DISTRICT |

## DEFENDANT, LOUISIANA CRANE & CONSTRUCTION, LLC's MOTION TO TRANSFER VENUE AND SUBJECT TO MOTION ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, LOUISIANA CRANE & CONSTRUCTION, LLC, ("LCC" or "Defendant"), Defendant in the above styled and numbered cause, files this Motion to Transfer Venue and subject to Motion Transfer its Original Answer to Plaintiff's Original Petition, as follows:

### MOTION TO TRANSFER

Defendant, LCC, objects to venue in Maverick County, Texas, the county in which this action was instituted. Defendant would show that insofar as the Plaintiff's Original Petition indicates and pursuant to Sections 15.001, 15.002, and 15.066 of the Texas Civil Practice and Remedies Code, Plaintiff's alleged cause of action did not accrue in Maverick County, Texas. As to this Defendant, Plaintiff wholly fails to allege venue facts that would permit the maintenance of this lawsuit in Maverick County, Texas.

Defendant asserts that venue is proper in Guadalupe County, Texas, in that as far as the Plaintiff's Original Petition indicates, the incident made the basis of this lawsuit occurred in that County. Should the Court find that Maverick County is not a proper venue, then Defendant requests that the Court transfer this case to a county of proper venue.

Case 2:16-cv-00009-AM-VRG   Document 1-6   Filed 02/05/16   Page 8 of 11

Electronically Filed at
2/3/2016 8:20:28 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Pleading in the alternative, Defendant moves to transfer venue pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(b), for the convenience of the parties and witnesses and in the interest of justice. Maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship; the balance of interests of all the parties predominates in favor of the action being brought in the other county; and the transfer of the action would not work an injustice to any other party.

## GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Defendant asserts a general denial to each and every allegation in Plaintiff's Petition and demands strict proof thereof. Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against this Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses under Texas Rule of Civil Procedure 94:

1. No act(s) or omission(s) of Defendant was the proximate cause of any injury to Plaintiff.

2. Defendant alleges, in the alternative, the affirmative defense of comparative responsibility, comparative or contributory negligence, and/or comparative causation. Defendant further alleges that any injuries to Plaintiff were solely caused, or in the alternative, proximately caused by the acts and omissions of Plaintiff, fault of third parties for whom Defendant is not legally responsible or had control, and/or other defendants for which Defendant would not be in any way responsible.

Case 2:16-cv-00009-AM-VRG   Document 1-6   Filed 02/05/16   Page 9 of 11

Electronically Filed at
2/3/2016 8:20:28 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

3. Defendant alleges, in the alternative, that Plaintiff failed to observe or use ordinary care during the time and at the place of the alleged injuries. Plaintiff's failure to use that degree of care as would have been used by ordinarily reasonable and prudent persons under the same or similar circumstances proximately caused the injuries which Plaintiff complains of in Plaintiff's Petition.

4. Defendant, while continuing to deny any and all liability, in the alternative, in the event Defendant is held liable to Plaintiff, asserts its rights of indemnity and contribution of and from, any and all other Defendants, or in the alternative, for comparative offset and contribution for the negligence, liability, fault or conduct attributable to any other Defendants, parties and or Responsible Third Parties.

5. Defendant asserts that Plaintiff is not entitled to punitive damages because no conduct by Defendant created an extreme degree of risk, nor was there any conscious indifference to risks, if any.

6. Defendant asserts, in the alternative, the affirmative defenses of waiver, release, and statute of limitations.

7. Defendant further alleges that any award of medical and/or health care expenses must be limited to the amount actually paid or incurred by or on behalf of the Plaintiff in accordance with Texas Civil Practice and Remedies Code § 41.0105. Further, the amount of any future medical expenses Plaintiff claims to be entitled to should be limited to the present value of the cost of obtaining health insurance as required by federal law pursuant to the provisions of the "Affordable Care Act."

## JURY DEMAND

Case 2:16-cv-00009-AM-VRG   Document 1-6   Filed 02/05/16   Page 10 of 11

Electronically Filed at
2/1/2016 8:20:28 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Defendant respectfully demands a trial by jury in accordance with Texas Rule of Civil Procedure Rule 216 and tenders the appropriate fee.

## PROPORTIONATE RESPONSIBILITY

If Defendant is found liable for damages, Defendant intends to seek a reduction of damages pursuant to TEX. CIV. PRAC. & REM. CODE CHAPTER § 33. All of the above parties', persons' or entities' proportionate responsibility or comparative responsibility must be submitted to the trier of fact along with the proportionate responsibility and/or comparative responsibility of the Plaintiff, other Parties, Settled Parties and Responsible Third Parties, as required by §33.001, §33.003, and §33.013 of the Texas Civil Practice and Remedies Code.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within 30 days of the service of this request, the information or material described in Rule 194.2(a) through (k) of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by his claims, and Defendant thereafter recover costs of court to be assessed against the Plaintiff. Further, Defendant prays for judgment against Plaintiff and to be fully and finally discharged from any liability herein, and for such other and further relief, whether general or special, at law or in equity, including costs, reasonable attorneys' fees and interest, as to which Defendant may show itself to be justly entitled.

[*signature block on next page*]

Case 2:16-cv-00009-AM-VRG   Document 1-6   Filed 02/05/16   Page 11 of 11

**Electronically Filed at
2/1/2016 8:20:28 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy**

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

/s/ Kent M. Adams
**Kent M. Adams**
Texas State Bar No. 00869200
Kent.adams@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEY FOR DEFENDANT, LOUISIANA CRANE & CONSTRUCTION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Original Answer to Plaintiff's Original Petition, has been forwarded to the below counsel of record on this 1st day of February, 2016:

Thomas A. Laucius                                             *Via Facsimile: 713-952-9897*
State Bar No. 11988700
Laucius & Associates
1800 St. James Place, Suite 200
Houston, Texas 77056
Telephone: 713-952-9840
*Attorneys for Plaintiff*

/s/ Kent M. Adams
**KENT M. ADAMS**